CALLAHAN, Circuit Judge,
dissenting in part:
I join the holding on appellate jurisdiction in Part II of the opinion, but I cannot join my colleagues determination that appellants’ restitution claims do not have a pecuniary purpose and satisfy the “public policy” test.
We start at the same place but our reasoning diverges. The starting point, set forth by the majority in footnote nine, is former Representative Don Edwards’ statement that the exception is to be given a narrow construction and is “ ‘not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor, or property of the estate.’ ” In re First Alliance Mortgage Co., 264 B.R. 634, 646 (C.D.Cal.2001) (quoting 124 Cong. Rec. H11,089 (1978), reprinted in 1978 U.S.C.C.A.N. 6436, 6444-45).
The majority appears to overlook this advice in concluding that the restitution claims pass the “pecuniary purpose” test. It restates the standard as “ ‘to prevent suits that would allow a governmental unit to obtain an advantage over creditors or potential creditors in the bankruptcy proceeding.’ ” (Quoting Lockyer v. Mirant, 398 F.3d 1098, 1109 (9th Cir.2005)). The majority then reasons that because appellants “will receive no pecuniary advantage” if successful, the purposes of the restitution claims are not primarily pecuniary. The majority further concludes that because restitution “will benefit the public welfare by penalizing past unlawful conduct and deterring future wrongdoing,” the claims do not “primarily advance the government’s pecuniary interests.”
This logic is less than persuasive. First, the public’s interest in “penalizing past unlawful conduct and deterring future wrongdoing” is directly addressed by appellants’ claims for injunctive relief and civil penalties, which we all agree fall within the police or regulatory power exception. Second, if, as Representative Edwards stated, the exception is “not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor, or property of the estate,” it makes no difference whether the restitution claims benefit appellants or the debt- or because their primary purpose remains pecuniary gain. In addition, it should be noted that precisely who or what entity would receive the restitution award is unclear.[1]
The majority seeks to bolster its conclusion that the restitution claims pass the “pecuniary purpose” test by opining that the claims also satisfy the “public policy” test. The shifts in the majority’s analysis, however, expose the flaws in its determination. The majority initially states that the district court “correctly analyzed the individual claims, not the § 17200 actions as a whole.” When addressing the “public policy” test, however, the majority instead relies on the California Supreme Court’s statement that “a civil action brought by a governmental entity under § 17200 ‘is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.’ People v. Pac. Land Research Co., 20 Cal.3d 10, 141 Cal.Rptr. 20, 24, 569 P.2d 125 (1977).” The majority then asserts that the “character of a § 17200 [proceeding] is not affected by the choice of restitution as a remedy.” These shifts from evaluating individual claims, to looking at the action as a whole, *1129 and from analyzing the individual causes of action, to accepting broad remedies, is not only confusing, but results in a definition of the “public policy” test that eviscerates the “pecuniary purpose” test. It makes little sense to analyze the individual claims in a § 17200 action to determine whether they meet the “pecuniary purpose” test if the court is going to conclude that an entire § 17200 action automatically meets the “public purpose” test when one or more of the claims asserted in the action concern matters of safety or welfare.
In determining whether the restitution claims meet the “public policy” test, I would be consistent with our approach to the “pecuniary purpose” test, and look at the individual claims, rather than the broad purpose of the § 17200 action. Here, applying the “public policy” test as set forth by the majority, the restitution claims do not seek to “effectuate public policy” or to adjudicate “private rights.” Mirant, 398 F.3d at 1109. As previously noted, the § 17200 action’s “public policy” concerns are addressed in its claims for injunctive relief and civil penalties, rather than in the restitution claims. Also, the majority’s comment that if restitution is warranted “California and San Francisco will receive no pecuniary advantage” certainly implies that the restitution claims assert “private rights.”
I would remain faithful to the clear standard set forth by former Representative Edwards. If the government claim is “to protect a pecuniary interest in property of the debtor, or property of the estate,” it does not pass the pecuniary interest test.[2] Here, although the § 17200 action’s claims for injunctive relief and civil penalties seek to protect the public safety and welfare, its restitution claims have the primary purpose of protecting a pecuniary interest. Moreover, appellants’ restitution claims when analyzed on their own do not meet the public policy test. Accordingly, I would find that the district court properly retained jurisdiction over the restitution claims, and affirm the district court’s judgment in its entirety.
The Attorney General’s section 16 Clayton Act suit clearly satisfies the "pecuniary purpose” test. After having been trimmed down by the district court, the suit now seeks only divestiture. The Attorney General does not seek a monetaiy recovery, and asserts no interest of the state in the three power plants that are the subject of his suit. Rather, the Attorney General seeks only an injunction that would require Mirant to divest itself of the plants.

. The parties disagree as to who should receive any restitution award. The majority recognizes that "all or part of a restitution award might be returned to the Utility or the bankruptcy estate,” but does not determine the question.

. This approach is consistent with our recent opinion in Mirant, 398 F.3d at 1109. There we held: